**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RICHARD A. DAVIDSON,**

**Petitioner,**

**v.**

**WARDEN,[1] WARREN CORRECTIONAL INSTITUTION,**

**Respondent.**

**CASE NO. 2:18-CV-00495**
**JUDGE ALGENON L. MARBLEY**
**Chief Magistrate Judge Elizabeth P. Deavers**

# REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition (ECF No. 1), Respondent's Motion to Dismiss (ECF No. 10), Petitioner's Response(s) in Opposition (ECF Nos. 11, 12), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss this action as unexhausted (ECF No. 10) be **DENIED** and that this action be **DISMISSED.**

## Facts and Procedural History

Petitioner challenges his convictions in the Fayette County Court of Common Pleas on unlawful sexual conduct with a minor and aggravated possession of drugs. The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On February 3, 2017, Davidson was indicted on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, a third-degree felony, and aggravated possession of drugs in violation of R.C. 2925.11, a fifth-degree felony. Davidson waived his right to a jury trial and the matter was tried to the bench.

[1] Respondent indicates that Chae Harris, Warden of the Warren Correctional Institution, is the proper party Respondent.

{¶ 3} The state presented evidence that R.S. was 13 years old and Davidson was 43 years old on November 24, 2016. R.S. testified that she had dating profiles on the websites "Uber Horny" and "Fling" where she listed her age as 19 years old. It was through these dating or hookup websites that R.S. met Davidson. Following communication through these websites, R.S. arranged a rendezvous with Davidson at her home, telling him to park at a nearby business and come around to the back door.

{¶ 4} When Davidson arrived, R.S. testified that she let him into the house and led him into her bedroom and told him to be quiet so as not to wake her grandmother. R.S. testified that they sat on the bed and talked for approximately 30 minutes during which Davidson, on numerous occasions, asked how old she was. R.S. stated that she told Davidson each time that she was 19 years old. At one point, Davidson asked R.S. what her birthdate was and she responded, "I told him it was 12/26 and then I paused on the year because I had to do the math * * * I told him '97, 12/26 of '97."

{¶ 5} After talking, R.S. stated that Davidson began kissing her and advanced toward pursuing sexual conduct. Eventually, R.S. testified that Davidson removed her pants and underwear and performed oral sex on her and digitally penetrated her over the next 90 minutes. At some point, R.S.'s grandmother came to check on her and discovered Davidson, naked and attempting to hide behind a dresser. As a result, R.S.'s grandmother called the police. Davidson remained at the house until the police arrived, maintaining that he believed R.S. was older.

{¶ 6} Thereafter, Davidson's car was impounded and detectives discovered a glass pipe in the center console of the vehicle with a quantity of methamphetamine. Results from the Bureau of Criminal Investigation confirmed that the substance tested positive for methamphetamine.

{¶ 7} Following the introduction of the state's evidence, Davidson moved for a Crim.R. 29 motion for acquittal, which was denied. Thereafter, Davidson rested his case. The trial court found Davidson guilty of both counts and sentenced him to four years in prison on the unlawful sexual conduct charge to be served concurrent with a 12–month sentence on the drug possession offense. Davidson was also classified as a Tier II sexual offender. Davidson now appeals, raising three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.

*State v. Davidson*, 12th Dist. No. 2018 WL 2095706, at **1-2 (Ohio Ct. App. May 7, 2018). Petitioner did not file a timely appeal. On October 10, 2018, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Davidson*, -- N.E.3d --, 2018 WL 4927619 (Ohio Oct. 10, 2018).

Petitioner also pursued post conviction relief. He indicates that, on April 25, 2018, he filed a Motion to Void Sentence, Petition for Post Conviction Relief, and Motion for Judicial Release in the state trial court, asserting that the trial court failed to comply with O.R.C. § 2929.12(f) in imposing sentence by failing to consider mitigating factors. Petitioner also states that he attempted to present a claim of "new evidence." *Petition* (ECF No. 1, PAGEID # 4.) That action remains pending. Petitioner states that, on August 31, 2018, he filed a Motion for Summary Judgment, and on October 4, 2018, he filed a Motion for Status Conference, but he has yet to receive a response.[2]

On May 18, 2018, Petitioner filed this *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he is actually innocent of the charge of unlawful sexual conduct with a minor (claim one); that he has new evidence indicating that he attempted to run a background check on the alleged victim, in support of his claim of actual innocence (claim two); and that he was denied the effective assistance of counsel because his attorney refused to permit him to testify on his own behalf, advised him to waive a jury trial and failed to present a defense

[2] Petitioner additionally indicates that he filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), which was denied. Response in Opposition (ECF No. 11, PAGEID # 156.)

(claim three). It is the position of the Respondent that this action should be dismissed without prejudice as unexhausted.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Additionally, federal courts may not entertain "mixed petitions," *i.e*., petitions that present both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Federal courts have the discretion to stay a mixed petition in order to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review of all, now exhausted, claims. *Rhines v. Weber,* 544 U.S. 269 (2005). However, stays under these circumstances should be only sparingly used; stays are not appropriate, for example, when the unexhausted grounds are plainly meritless. *Id*. at 278. A petitioner seeking a stay to permit exhaustion of an unexhausted claim must demonstrate both good cause for having failed to exhaust his state court remedies and a potentially meritorious claim. *Id*. at 277–78.

Respondent argues that that the Court should dismiss this action without prejudice as unexhausted, in view of Petitioner's pending state post-conviction petition, and because, at the time of the filing of the Motion to Dismiss, Petitioner's motion for a delayed appeal remained pending in the Ohio Supreme Court. As discussed, however, on October 10, 2018, the Ohio

Supreme Court denied Petitioner's motion for a delayed appeal. *Davidson*, 2018 WL 4927619. Thus, this action no longer remains unexhausted on this basis.

Further, the sole remaining potentially unexhausted claim that Petitioner appears to have raised in state post-conviction proceedings, involves his claim that he is actually innocent of unlawful sexual conduct with a minor, because he has documentation indicating that he attempted to verify the alleged victim's age from a company called "Been Verified" prior to meeting with her for the purpose of engaging in sex. Response in Opposition (ECF No. 11, PAGEID # 153-54.) However, a free-standing claim of actual innocence does not provide a basis for federal habeas relief. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation. . . ."); *see Patterson v. Tibbals*, No. 3:16-cv-098, 2018 WL 3957404, at *4 (S.D. Ohio Aug. 17, 2018) (claim of actual innocence fails to state a claim upon which relief can be granted) (citations omitted). Thus, Petitioner's claim of actual innocence, assuming that it remains unexhausted, does not assist him here. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Therefore, the Magistrate Judge **RECOMMENDS** that this claim be **DISMISSED** for failure to provide a basis for relief.

The remainder of Petitioner's claims appear to be plainly procedurally defaulted based on Petitioner's failure to file a timely appeal to the Ohio Supreme Court.

**Procedural Default**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of

habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as

required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin,* 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id*.

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards,* 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must

be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." Id., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting *id*., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id*., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id*., at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

This Court may *sua sponte* raise the issue of procedural default. *See Sheppard v. Bagley*, 604 F.Supp.2d 1003, 1013 (S.D. Ohio 2009) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir.2005), *r'hng and r'hng en banc denied* July 6, 2005 (citing *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002)); *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000)); *see also Watkins v. Warden, Dayton Corr. Inst*., No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default *sua sponte*, neither are they precluded from doing so.").

Here, Petitioner asserts that he was denied the effective assistance of counsel and, liberally construing his pleadings, that the evidence is constitutionally insufficient to sustain his conviction on unlawful sexual conduct with a minor. Petitioner raised these same claims on direct appeal; however, he failed to file a timely appeal, and the Ohio Supreme Court denied his motion for a delayed appeal. Petitioner thereby has waived his claims for review in these proceedings. *See Smith v. State of Ohio Dept. of Rehab. & Corr*., 463 F.3d 426, 431–32 (6th Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) ); *Depinet v. Bunting*, No. 3:14-cv-1366, 2015 WL 5675076, at *6–7 (N.D. Ohio Sept. 25, 2015) (citations omitted).

Further, the record does not indicate that Petitioner can establish cause for his procedural default. It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla*, 370 F.3d at 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). The record does not reflect such circumstances here.

Likewise, the record does not reflect that this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" so as to excuse Petitioner's otherwise procedurally defaulted claims. *Murray*, 477 U.S. at 496. The actual innocence exception to procedural default allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—*i.e*., evidence not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here.

The appellate court, in rejecting Petitioner's claim of insufficiency of the evidence noted as follows:

> Davidson was convicted of unlawful sexual conduct with a minor, in violation of O.R.C. 2907.04(A). That statute provides:

No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶ 16} "Sexual conduct" is defined in R.C. 2907.01(A) as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another."

{¶ 17} "A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C); *State v. Smith*, 12th Dist. Warren Nos. CA2012–02–017 and CA2012–02–018, 2012–Ohio–4644, ¶ 36.

{¶ 18} Davidson's convictions for unlawful sexual conduct with a minor and aggravated possession of drugs were based on sufficient evidence. The state presented evidence that R.S. was 13 years old and Davidson was 43 years old on November 24, 2016. R.S. testified about the encounter with Davidson which included both cunnilingus and digital penetration.

{¶ 19} Davidson argues that his conduct was at worst negligent, and certainly not reckless. Davidson cites R.S.'s dating profile and her insistence that she was 19 years old. Davidson further believes that the trial court considered the hookup websites and pornographic imagery contained in photographs of the website as evidence that he was morally reprehensible and thus guilty without considering whether his behavior was legally reckless. Essentially, Davidson argues "the trial court would have to have found that Mr. Davidson disregarded a substantial and justifiable risk that R.S. was under the age of sixteen based solely upon her living with her grandparents and him failing to ask for government-issued identification and proof of age."

{¶ 20} However, following review of the record, we find Davidson's argument is without merit. In a sufficiency analysis, "the persuasiveness of the State's evidence is not at issue." *State v. Stoddard*, 9th Dist. Summit No. 27426, 2015–Ohio–3750, ¶ 25. The only issue is whether, viewing the evidence in favor of the State, the State set satisfied its burden of production. *Id*.

{¶ 21} In this case, R.S. testified that she had invited Davidson to the house in the middle of the night and gave him instructions to not arouse the suspicions of her grandmother. R.S. testified that Davidson asked her how old she was on numerous occasions and even asked her what her birthday was, which caused her to "pause" so she could do the math in her head. While R.S. told Davidson that she was 19

> years old, he did not do anything to learn her true age. In fact, the evidence strongly suggests that Davidson was extremely skeptical that R.S. had provided him with her correct age. Viewing the evidence in a light most favorable to the prosecution, a reasonable trier of fact could find that Davidson was reckless in determining R.S.'s true age before engaging in sexual conduct with her.

*State v. Davidson*, 2018 WL 2095706, at *2-3.

Petitioner has attached, in support of his claim of actual innocence, a copy of a letter from "Been Verified" dated June 29, 2018, indicating that on November 29, 2016, they conducted a "search report" on the alleged victim through Petitioner's account. (ECF No. 11, PAGEID # 160.) Upon review of the record, and consideration of the attached document, the Court remains unpersuaded that Petitioner has established it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, in view of the circumstances discussed by the state appellate court, and the child's tender age of 13 years. The Court also notes that the letter provided by Petitioner does not indicate the results of any search report he obtained. In short, the Court is not persuaded that the record reflects that this is so extraordinary a case as to relieve Petitioner of his procedural default.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss this action as unexhausted (ECF No. 10) be **DENIED** and that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

_s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge