**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RICHARD A. DAVIDSON,**

    **Petitioner,**

    **v.**

**WARDEN, WARREN**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **CASE NO. 2:18-CV-00495**
        **JUDGE ALGENON L. MARBLEY**
        **Chief Magistrate Judge Elizabeth P. Deavers**

**OPINION AND ORDER**

On October 23, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* this action as unexhausted be denied, and that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 13.) Petitioner has filed an *Objection* and *Supplemental Objections* to the Magistrate Judge's *Report and Recommendation*. (ECF Nos. 15, 17.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections (ECF Nos. 15, 17) are **OVERRULED**. The *Report and Recommendation* (ECF No. 13) is **ADOPTED** and **AFFIRMED**. The *Motion to Dismiss* (ECF No. 10) is **DENIED**. This action is hereby **DISMISSED**.

Petitioner's *Motion to Supplement Objections to Report and Recommendation* (ECF No. 17) is **GRANTED**. The Court has considered Petitioner's *Supplemental Objections* in connection with its conclusions in this *Opinion and Order.*

Petitioner's *Motion to Appoint Counsel* (ECF No. 14), *Motion to Compel* (ECF No. 16), *Motion for Declaratory Judgment Challenging the Constitutionality of O.R.C. 2907.04(A)* (ECF No. 18), and *Motion for Evidentiary Hearing* (ECF No. 19) are **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

This case involves Petitioner's convictions after a jury trial in the Fayette County Court of Common Pleas for unlawful sexual conduct with a thirteen year-old girl, and aggravated possession of drugs. On May 7, 2018, the Ohio Court of Appeals affirmed the Petitioner's convictions and sentence. *State v. Davidson*, 12th Dist. Nos. CA2017-08-015, CA2017-08-016, 2018 WL 2095706 (Ohio Ct. App. May 7, 2018). Petitioner did not timely appeal. On August 20, 2018, he filed a motion for a delayed appeal, stating that he did not timely appeal because his attorney failed to advise him, until May 21, 2018, of the appellate court's decision denying his appeal; he had limited access to the prison's law library; and on June 18, 2018, the prison's mailroom clerk told him he could not send his notice of appeal via overnight mail, so he sent it ordinary mail, and it did not get delivered until June 22, 2018. (ECF No. 9, PAGEID # 119, 122.) On October 10, 2018, the Ohio Supreme Court denied the motion for a delayed appeal. *State v. Davidson*, -- Ohio St.3d --, 2018 WL 4927619 (Ohio Oct. 10, 2018). Petitioner also filed a state post-conviction petition, arguing that he had "new evidence" of his actual innocence. (See *Report and Recommendation,* ECF No. 13, PAGEID # 191.) On July 12, 2018, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 22-1, PAGEID # 312.) He made the following assertions:

> He was denied the effective assistance of appellate counsel because appellate counsel failed to raise several issues related to the statute prohibiting unlawful sexual contact with a minor, including that the statute is void for vagueness, is unconstitutional under the 14th Amendment, it does not have a *mens rea* and is a strict liability statute. In addition, as part of this argument, he contends mistake of true age exempts him from criminal liability, there is no criminal intent and his attorney was ineffective for failing to raise actual innocence. In a second argument, [Petitioner] contends his sentence was contrary to law because the court did not consider his military service and post-traumatic stress disorder as required by law.

(*Entry Denying Application to Reopen Appeal*, ECF No. 22-1, PAGEID # 320-21.)  On October 5, 2018, the appellate court denied the Rule 26(B) application.  *Id*.  On January 23, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (ECF No. 22-3, PAGEID # 324.)  Petitioner now asserts that he is actually innocent of unlawful sexual conduct with a minor, in view of the "new evidence" showing that he attempted to verify her age (claims one and two); and that he was denied effective assistance of counsel because his attorney refused to permit him to testify on his own behalf, advised him to waive a jury trial, and failed to present a defense or call a defense witness (claim three).[1]  The Magistrate Judge recommended dismissal of claims one and two as not cognizable and claim three as procedurally defaulted, based on Petitioner's failure to file a timely appeal in the Ohio Supreme Court.  Petitioner objects to those recommendations.  Petitioner recently has amended the *Petition* to also include a claim of the denial of the effective assistance of appellate counsel.[2]

**Request for Appointment of Counsel**

Petitioner has filed a request for the appointment of counsel based on his *pro se* incarcerated status and limited access to the prison's law library, to assist him in presenting his claim of actual innocence.  (*See* ECF No. 14.)

Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to counsel in these proceedings.  *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citing *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *McCleskey v. Zant,*

---

[1] Petitioner also argues that his attorney should have challenged the constitutionality of O.R.C. § 2907.04.  *See Objection* (ECF No. 15, PAGEID # 206-07.)  This issue will be considered in connection with Petitioner's newly amended claim of the denial of the effective assistance of appellate counsel.

[2] Petitioner's claim of the denial of the effective assistance of appellate counsel will be addressed in a separate Report and Recommendation by the Magistrate Judge at a later date.

499 U.S. 467, 495 (1991) (no constitutional right to counsel in federal habeas); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no right to counsel beyond first appeal of right); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("habeas corpus proceedings are civil in nature")). "Never has it been held that there is a constitutional right to counsel in a habeas action." *Hoggard*, 29 F.3d at 471 (citing *Blair v. Armontrout*, 916 F.2d 1310, 1332 (8th Cir. 1990); *Johnson v. Avery*, 393 U.S. 483, 488 (1969)). Rather, "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted); 18 U.S.C. § 3006(a)(2)(B). The appointment of counsel is mandatory only where the record indicates that an evidentiary hearing is required to resolve a petitioner's claims. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. Such are not the circumstances here. In making the determination as to whether to exercise its discretion in appointing counsel on a petitioner's behalf, the Court should consider "the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors." *Matthews v. Jones*, No. 5:13-cv-1850, 2015 WL 545752, at *3 (N.D. Ohio Feb. 10, 2015) (citations omitted).

No evidentiary hearing is required to resolve Petitioner's claims. Further, the record does not reflect that the case is so unduly complex that the interests of justice or due process necessitate the appointment of counsel on Petitioner's behalf. Petitioner's status as a *pro se* incarcerated prisoner is not atypical for prisoners pursuing habeas corpus relief. Additionally, the record reflects that Petitioner has more than adequately presented arguments on his own behalf, including those regarding his purported actual innocence.

Petitioner's the request for the appointment of counsel (ECF No. 14) therefore is **DENIED**.

**Motion to Compel**

Petitioner also requests that Respondent be directed to file a Response conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, that includes trial transcripts and discovery material.

Under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, a federal habeas court may direct the parties to supplement the record with additional materials relevant to the Court's resolution of the petition:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

However, the decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the District Court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). Such an expansion must be limited by the relevance of the proffered materials to the constitutional claims presented.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts also requires the Court to "order the respondent to file an answer, motion, or other response. . . or to take other action the judge may order" after conducting a preliminary review. The Advisory Committee Notes to Rule 4 indicate as follows:

> This is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to

authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. § 2254; or that a decision in the matter is pending in state court. In these situations, a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition. In other situations, the judge may want to consider a motion from respondent to make the petition more certain. Or the judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.

Advisory Committee Notes, 1976 Adoption.

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts

provides:

(a) When Required. The respondent is not required to answer the petition unless a judge so orders.

(b) Contents: Addressing the Allegations; Stating a Bar. The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

(c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

(d) Contents: Briefs on Appeal and Opinions. The respondent must also file with the answer a copy of:

(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

(e) Reply. The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.

*Id*.

Thus, Respondent has complied with the Court's *Order* to submit an answer to the *Petition* conforming with the requirements of Rule 5, by filing a *Motion to Dismiss* this action as unexhausted and including a copy of the state court record in the case. (ECF Nos. 9, 10.) The Advisory Committee Notes to Rule 5 state:

> The answer must also state whether the petitioner has exhausted his state remedies. This is a prerequisite to eligibility for the writ under 28 U.S.C. § 2254(b) and applies to every ground the petitioner raises. Most form petitions now in use contain questions requiring information relevant to whether the petitioner has exhausted his remedies. However, the exhaustion requirement is often not understood by the unrepresented petitioner. The attorney general has both the legal expertise and access to the record and thus is in a much better position to inform the court on the matter of exhaustion of state remedies. An alleged failure to exhaust state remedies as to any ground in the petition may be raised by a motion by the attorney general, thus avoiding the necessity of a formal answer as to that ground.

Advisory Committee Notes, 1976 Adoption. Moreover, it has been this Court's practice to accept such responsive pleadings by the Respondent in response to a show cause order. At the time of the filing of the *Motion to Dismiss*, Petitioner's motion for a delayed appeal in the Ohio Supreme Court and post-conviction petition remained pending, and the action remained unexhausted.

The Magistrate Judge nonetheless recommended that Petitioner's sole remaining potentially unexhausted claim of actual innocence be denied as without merit under the provision of 28 U.S.C. § 2254(b)(2), and that the remainder of Petitioner's claims be dismissed as procedurally defaulted. *Report and Recommendation* (ECF No. 13, PAGEID # 193.) Under these circumstances, this Court's review of the trial transcripts or other unidentified discovery material will not assist Petitioner in establishing his claims.

Petitioner's *Motion to Compel* (ECF No. 16) therefore is **DENIED.**

**Motion for Declaratory Judgment**

Petitioner seeks to amend the petition to now include an additional claim challenging the constitutionality of O.R.C. § 2907.04(A) as void for vagueness. However, Petitioner's request is untimely. He may not now amend the petition to include this additional claim. Moreover, this claim appears to be procedurally defaulted, because Petitioner failed to raise it on direct appeal. *See Assi v. United States*, No. 12-15493, 98-80695, 2015 WL 3680459, at *6 (E.D. Mich. June 12, 2015) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Further, Petitioner has failed to establish cause for this procedural default. The *Motion for Declaratory Judgment Challenging the Constitutionality of O.R.C. 2907.04(A)* (ECF No. 18), is **DENIED**.

 **Objections**

Petitioner objects to the Magistrate Judge's recommendation that his claims be dismissed as procedurally defaulted. He asserts the denial of effective assistance of counsel as cause for his procedural default. However, Petitioner waived his claims by failing to file a timely appeal in the Ohio Supreme Court. Moreover, attorney error cannot serve as cause in such proceeding, where Petitioner did not have the right to counsel. *See Barkley v. Konteh*, 240 F.supp.2d 708, 713 (N.D. Ohio Dec. 13, 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991)). A prisoner's *pro se* status, ignorance of the law and procedural requirements for the filing of an appeal, and limited access to the prison's law library do not constitute cause for a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).

Petitioner alleges that his attorney failed to timely notify him of the appellate court's decision denying his appeal, thereby preventing him from filing a timely appeal. Such a claim

may serve as cause for a petitioner's procedural default in failing to file a timely appeal to the Ohio Supreme Court. *See Hubbard v. Warden, London Corr. Inst.*, No. 1:9cv550, 2010 WL 3931500, at *5 (S.D. Ohio Sept. 7, 2010) (citing *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433–35 (6th Cir. 2006)). Here, however, this allegation does not assist the Petitioner, in view of the record before the Court.

Petitioner states that, on May 21, 2018, he learned about the appellate court's May 7, 2018, dismissal of his appeal. Thus, by Petitioner's own account, more than adequate time remained for him to file a timely appeal. (ECF No. 9, PAGEID # 122.)[3] Nonetheless, he waited approximately 91 days, until August 20, 2018, to file a motion for a delayed appeal. (ECF No. 9, PAGEID # 119.) Further, the record does not indicate that anything would have prevented him from filing a timely appeal. *See Ferguson v. Jenkins,* No. 2:15-cv-2448, 2016 WL 1752743, at *6 (S.D. Ohio May 3, 2016) (citing *Maciel v. Carter*, 22 F. Supp. 2d 857 (N.D. Ill. 1998) (Maciel failed to establish cause for his procedural default when he received actual notice "just days before his notice of appeal was due."); *Hubbard v. Warden,* 2010 WL 3931500, at *5 (where the petitioner learned about the appellate court's decision well within the time-frame for perfecting a timely appeal, he cannot show that any error by his appellate counsel in notifying him of the decision caused him to miss the filing deadline); *but see Williams v. Robert*, No. 08-cv-56-JPG, 2009 WL 57526, at *4 (N.D. Ill. Jan. 8, 2009) (Petitioner established cause for his procedural default when clerk sent notice to wrong prison institution, despite being notified of the petitioner's current address, and it was not received until after the time period had expired to file an appeal). In short,

---

[3] Petitioner attached to his motion for a delayed appeal a copy of a letter from his attorney dated May 15, 2018, advising him that his appeal had been denied, and that he had forty-five days from the date of the appellate court's decision to file an appeal to the Ohio Supreme Court. (ECF No. 9, PAGEID # 127.)

Petitioner had sufficient time, from the date he learned of the appellate court's decision denying his appeal, to file an appeal, and did not need to conduct further research or send the notice of appeal via overnight mail in order to do so. *See Ferguson*, 2016 WL 1752743, at *6. Additionally, his attorney advised him of the time requirement for filing a timely appeal. Under these circumstances, Petitioner has failed to establish cause for his procedural default on this basis.

Petitioner also asserts, as cause for his procedural default, that the Ohio Supreme Court improperly denied his appeal as untimely, because his Rule 26(B) application should have tolled the time period for the filing of a direct appeal in the Ohio Supreme Court. (ECF No. 15, PAGEID # 210-11.) Petitioner refers to no provision of Ohio law that supports this argument however, and, in any event, this Court defers to the Ohio Supreme Court's interpretation of its own rules. *See Veliev v. Warden, Chillicothe Corr. Inst.*, No. 2:12-cv-00346, 2014 WL 4805292, at *13 (S.D. Ohio Sept. 26, 2014) (citing *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (this court must "defer to a state court's interpretation of its own rules of evidence and procedure") (citations omitted); *Bennett v. Warden, Lebanon Corr. Inst.*, 782 F. Supp. 2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state law questions.")).

Petitioner has failed to establish cause for his procedural defaults.

**Actual Innocence**

Petitioner asserts that he is actually innocent of committing the charge of unlawful sexual conduct with a minor, because he purchased a background check from "Been Verified" in an attempt to ascertain the age of the alleged victim. (ECF No. 15, PAGEID # 211-12.) He states

that he recently obtained a new background check from "Been Verified" in order to support this claim, and he has attached that documentation in support, indicating that on June 28, 2018, "Been Verified" determined that a Rachel Sanchez, in Lorain Ohio, is 25 years of age. (ECF No. 15, PAGEID # 215-16.) Petitioner maintains that he received these same results when he previously attempted to verify the age of the alleged victim, prior to meeting her for sex. He insists that he was wrongly convicted on the erroneous assumption that he made no attempt to verify the age of the alleged victim, and therefore is "actually innocent" of the crime.

The Court remains unpersuaded by this argument. "Free-standing" claims of actual innocence do not provide a basis for habeas corpus relief. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Additionally, Petitioner does not meet the high threshold for establishing a gateway actual innocence claim so that the Court may address the merits of his procedurally defaulted claims. This narrow "innocence gateway" exception applies only when "new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *See Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup v. Delo*, 513 U.S. 298 (1995), and exculpatory scientific evidence." *Id*. Petitioner's allegation that he attempted to verify the alleged victim's age prior to meeting her, and that he therefore did not act recklessly in not knowing that her true age was 13, rather than 25 when he met her,[4] simply

---

[4] *See Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012) (noting that "[t]here is a circuit split about whether the 'new' evidence required under *Schlup* includes only newly discovered evidence that was not available at the time of trial, or broadly encompasses all evidence that was not presented to the fact-finder during trial, *i.e*., newly presented evidence.") (citing *Connolly v. Howes*, 304 F. App'x 412, 419 (6th Cir. 2008) (Sutton, J., concurring)).

does not rise to that level. R.S. testified that she invited Petitioner to the house in the middle of the night and gave him instructions to not arouse the suspicions of her grandmother. When he asked her what her birthday was she had to "pause" in order to "do the math in her head." *State v. Davidson*, 2018 WL 2095706, at *3. The appellate court found that evidence "strongly suggest[ed] that Davidson was extremely skeptical that R.S. had provided him with her correct age" and that "a reasonable trier of fact" could find that he acted recklessly in not determining her true age prior to engaging in sexual conduct with her. *Id*. This conclusion would also be based, at least in part, on the alleged victim's characteristics, appearance, and demeanor at trial.

Petitioner additionally now alleges that his ex-wife married into the family of the alleged victim, and used her to set him up so that she could obtain custody of their two young children and collect his VA benefits. (*Supplemental Objections*, ECF No. 17, PAGEID # 236.) He states that the grandmother of the alleged victim permitted her granddaughter to use her credit card to pay for membership to an "adult only" website so that he would be wrongfully charged, and claims that phone records may assist him in establishing this claim. (*See id*.) Other than Petitioner's unsworn, self-serving statements in his *Supplemental Objections*, these allegations likewise are entirely without support in the record of this case.

Petitioner has failed to establish a gateway actual innocence claim.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 15) is **OVERRULED**. The *Report and Recommendation* (ECF No. 13) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 10) is **DENIED.** This action is hereby **DISMISSED.**

Petitioner's motion to supplement his objections (ECF No. 17) is **GRANTED.**

Petitioner's *Motion to Appoint Counsel* (ECF No. 14), and *Motion to Compel* (ECF No. 16) are **DENIED**.

Because the Court has disposed of this case as set forth above, no evidentiary hearing is necessary. Accordingly, Petitioner's *Motion for Evidentiary Hearing* (ECF No. 19) is **DENIED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: March 11, 2019**