IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD A. DAVIDSON,

    Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-00495
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On March 11, 2019, this Court issued an Opinion and Order dismissing the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 25.) On March 21, 2019, Petitioner filed a Motion to Reconsider and/or Amend Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1] (ECF No. 27.) For the reasons that follow, that motion (ECF No. 27) is **DENIED.**

Petitioner argues that relief from judgment is warranted because he was convicted by a biased trial judge and new evidence establishes that he is actually innocent of the charge of unlawful sexual conduct with a thirteen year-old girl, because he did not act recklessly in failing to ascertain that she was under 18 years old, as he purchased a background check in 2016 that indicated that she was 20 to 22 years old. He states that her profile page on an adult-only website matched the information he obtained from this background check. He further asserts that his attorney performed in a constitutionally ineffective manner by failing to call Derrick Dobbins to testify that Petitioner acted diligently in attempting to verify the age of the alleged

---

[1] Petitioner filed his motion under the Federal Rules of Criminal Procedure; however, Rule 59 of the Federal Rules of Criminal Procedure pertains to referrals of matters to a Magistrate Judge, not post-trial motions.

victim and that he did not act recklessly in this regard. Petitioner further argues she looked and acted like a 20 year old woman, or older, told police that she used a fictitious name, and had been involved with approximately 25 other adult men through her association with adult internet websites. He seeks an evidentiary hearing or expansion of the record in order to present the foregoing evidence and establish his actual innocence of the charge.

A motion to alter or amend judgment may be filed under Rule 59(e) within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc.*, No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-l 165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). It is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930

F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id.* (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

Here, Petitioner has presented no new arguments in support of his claim of actual innocence that this Court has not already addressed. Further, and as previously discussed, Petitioner's free-standing claim of actual innocence does not provide him a basis for relief. *See Legrone v. Birkett,* 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). In any event, the record does not indicate that Petitioner can establish that he is actually innocent so as to permit a merits review of his otherwise procedurally defaulted claims, *see Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005), or that an evidentiary hearing or further expansion of the record will assist him. In short, Petitioner has presented no basis warranting relief from final judgment of dismissal of this case.

Therefore, Petitioner's Motion to Reconsider and/or Amend Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure (ECF No. 27) is **DENIED.**

**IT IS SO ORDERED**.

s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT**

3