IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD A. DAVIDSON,

      Petitioner,

  v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:18-CV-00495
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 11, 2019, the Court issued an Opinion and Order dismissing all of Petitioner's claims, with the exception of his amended claim of ineffective assistance of appellate counsel. (ECF No. 25.) On March 27, 2019, Respondent filed a Supplemental Memorandum on that claim. (ECF No. 31.) Petitioner has filed Reply. (ECF No. 32.) The issue now is ripe for review. For the reasons that follow, the Undersigned **RECOMMENDS** that Petitioner's amended claim of the denial of the effective assistance of appellate counsel be **DENIED** and that this action be **DISMISSED**.

### I. Facts and Procedural History

Petitioner challenges his conviction in the Fayette County Court of Common Pleas for unlawful sexual conduct with a minor. This Court previously has detailed the facts and procedural history of this case. (*See Report and Recommendation*, ECF No. 13; *Opinion and Order*, ECF No. 25.) As discussed, the sole issue remaining for this Court's review involves Petitioner's amended claim that he was denied the effective assistance of appellate counsel based on his attorney's failure to raise on appeal a claim that the evidence was constitutionally

insufficient to establish his conviction, as he lacked knowledge of the alleged victim's true age based on her deception and did not act recklessly in that regard; that the trial court lacked subject matter jurisdiction; that the trial court improperly failed to consider Petitioner's diagnosis of post tramatic stress disorder resulting from his military service in imposing sentence; and that appellate counsel failed to independently present all of Petitioner's claims to the state appellate court. (*See Motion to Add Additional Claim of Ineffective Assistance of Appellate Counsel*, ECF No. 20.) It is the position of the Respondent that this claim is without merit.

## II. Standard of Review

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

> The factual findings of the state appellate court are presumed to be correct.
>
> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). "Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)); 28 U.S.C. § 2254(d)(1) (a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit has explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley*, 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 562 U.S. at 102

("A state court's determination that a claim lacks merit precludes federal habeas relief so long as " 'fairminded jurists could disagree' on the correctness of the state court's decision.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ("[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.") (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc )); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster,* 563 U.S. at 181. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 182.

### III. Ineffective Assistance of Appellate Counsel

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted). The United States Supreme Court set forth the legal principals governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). *Strickland* requires a petitioner claiming ineffective assistance of counsel to demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. 466 U.S. at 687;

4

*Hale v. Davis*, 512 F. App'x. 516, 520 (6th Cir. 2013). A petitioner "show[s] deficient performance by counsel by demonstrating 'that counsel's representation fell below and objective standard of reasonableness.'" *Poole v. MacLaren*, 547 F. App'x 749, 754 (6th Cir. Dec. 5, 2013) (quoting *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011) (internal quotation marks omitted) and citing *Strickland*, 466 U.S. at 687). To make such a showing, a petitioner "must overcome the 'strong [ ] presum[ption]' that his counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Poole,* 547 F. App'x at 754 (quoting *Strickland*, 466 U.S. at 687). "To avoid the warping effects of hindsight, [courts must] 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Bigelow v. Haviland*, 576 F.3d 284, 287 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

> The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987). . . . Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*. citing *Wilson*. . . . The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751–752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751–52).

*Leonard v. Warden, Ohio State Penitentiary*, No. 1:09-cv-056, 2013 WL 831727, at *28 (S.D. Ohio March 6, 2013). Factors to be considered in determining whether a defendant has been denied the effective assistance of appellate counsel include:

(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

5

(5) Were the trial court's rulings subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427–28 (6th Cir. 1999) (citations omitted).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Harrington v. Richter*, 562 U.S. at 105. The Court observed that while "'[s]urmounting *Strickland's* high bar is never an easy task, . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. . . .'" *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356,371-72 (2010) and citing *Strickland*, 466 U.S. at 689). The Court instructed that the standards created under *Strickland* and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Under this deferential standard of review, Petitioner has failed to establish that he is entitled to relief.

The state appellate court rejected Petitioner's claim as follows:

Appellant claims he was denied the effective assistance of appellate counsel because appellate counsel failed to raise several issues related to the statute prohibiting unlawful sexual contact with a minor, including that the statute is void for vagueness, is unconstitutional under the 14th Amendment, it does not have a mens rea and is a strict liability statute. In addition, as part of this argument, he contends mistake of true age exempts him from criminal liability, there is no criminal intent and his attorney was ineffective for failing to raise actual innocence. In a second argument, appellant contends his sentence was contrary to law because the court did not consider his military service and post-traumatic stress disorder as required by law.

An application of this nature shall be granted only if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, ¶ 5. *See, also*, App.R. 26(B)(5). As used in this analysis, ineffective assistance of counsel is intended to comprise the two elements set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, namely, a deficiency in the representation of appellant and prejudice resulting from such deficient representation. *Tenace*; *State v. Sheppard*, 91 Ohio St.3d 329, 2001-Ohio-52. Appellant bears the burden of demonstrating a genuine issue as to whether he was denied the effective assistance of appellate counsel. *Tenace,* 2006-Ohio-2987 at ¶ 6, citing *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, certiorari denied (1999), 526 U.S. 1091, 119 S.Ct. 1506; *State v. Myers*, 102 Ohio St.3d 318, 2004-Ohio-3075, ¶ 9.

"To show ineffective assistance, [appellant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal." *State v. Jalowiec*, 92 Ohio St.3d 421, 422, 2001-Ohio-164, certiorari denied, 534 U.S. 964, 122 S.Ct. 374.

The sufficiency of evidence to support appellant's conviction for unlawful sexual contact with a minor and the issue of appellant's recklessness in regard to the victim's age were discussed in the first and second assignments of error on direct appeal. Appellant's arguments in his petition regarding the nature of the statutes involved fail to raise a genuine issue of ineffective assistance of appellate counsel as he has not met his burden to establish counsel's ineffectiveness in failing to raise these issues on appeal.[1]

---

[1] The state appellate court denied Petitioner's claim of insufficiency of the evidence in relevant part as follows:

{¶ 15} Davidson was convicted of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). That statute provides,

No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other

7

person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶ 16} "Sexual conduct" is defined in R.C. 2907.01(A) as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another."

{¶ 17} "A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C); *State v. Smith*, 12th Dist. Warren Nos. CA2012–02–017 and CA2012–02–018, 2012–Ohio–4644, ¶ 36.

{¶ 18} Davidson's convictions for unlawful sexual conduct with a minor and aggravated possession of drugs were based on sufficient evidence. The state presented evidence that R.S. was 13 years old and Davidson was 43 years old on November 24, 2016. R.S. testified about the encounter with Davidson which included both cunnilingus and digital penetration.

{¶ 19} Davidson argues that his conduct was at worst negligent, and certainly not reckless. Davidson cites R.S.'s dating profile and her insistence that she was 19 years old. Davidson further believes that the trial court considered the hookup websites and pornographic imagery contained in photographs of the website as evidence that he was morally reprehensible and thus guilty without considering whether his behavior was legally reckless. Essentially, Davidson argues "the trial court would have to have found that Mr. Davidson disregarded a substantial and justifiable risk that R.S. was under the age of sixteen based solely upon her living with her grandparents and him failing to ask for government-issued identification and proof of age."

{¶ 20} However, following review of the record, we find Davidson's argument is without merit. In a sufficiency analysis, "the persuasiveness of the State's evidence is not at issue." *State v. Stoddard*, 9th Dist. Summit No. 27426, 2015–Ohio–3750, ¶ 25. The only issue is whether, viewing the evidence in favor of the State, the State set satisfied its burden of production. *Id*.

{¶ 21} In this case, R.S. testified that she had invited Davidson to the house in the middle of the night and gave him instructions to not arouse the suspicions of her grandmother. R.S. testified that Davidson asked her how old she was on numerous occasions and even asked her what her birthday was, which caused her to "pause" so she could do the math in her head. While R.S. told Davidson that she was 19 years old, he did not do anything to learn her true age. In fact, the evidence strongly

> Likewise, appellant has failed to raise a genuine issue of ineffective assistance of appellate counsel in relation to the court's failure to consider his military service and post-traumatic stress disorder. The statutory provision requiring a court to consider these factors is found in R.C. 2929.12(F), and the court stated in the sentencing entry that it had considered the statutory provisions set forth in R.C. 2929.12 in determining sentence. Accordingly, the court did not fail to consider this factor. Moreover, appellant has not argued, much less established, how his post-traumatic stress disorder was a contributing factor to his commission of unlawful sexual conduct with a minor, as required by the statute.
>
> Under *Strickland,* a court must apply a heavy measure of deference to counsel's judgments, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Counsel's failure to argue those issues appellant presents in his application does not raise a genuine issue as to whether counsel was ineffective since counsel is not required to present every imaginable issue on direct appeal.
>
> Upon due consideration of the foregoing, and it appearing to the court that there is no genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal. . . appellant's application for reopening is hereby DENIED.

(*Entry Denying Application to Reopen Appeal*, ECF No. 30-2, PAGEID # 371-74.)

Petitioner argues that the appellate court contravened or unreasonably applied federal law when it stated that he had failed to raise a "genuine issue as to whether counsel was ineffective" in lieu of applying the test set forth in *Strickland*. (*Reply*, ECF No. 32, PAGEID # 378.) The record does not support this argument. To the contrary, the state appellate court recognized and appropriately applied the two-prong test set forth by the Supreme Court in *Strickland,* concluding that Petitioner had failed to raise any

---

suggests that Davidson was extremely skeptical that R.S. had provided him with her correct age. Viewing the evidence in a light most favorable to the prosecution, a reasonable trier of fact could find that Davidson was reckless in determining R.S.'s true age before engaging in sexual conduct with her.

*State v. Davidson*, 12th Dist. Nos. CA2017-08-015, CA2017-08-016, 2018 WL 2095706, at *2-3 (Ohio Ct. App. May 7, 2018).

"genuine issue" regarding the denial of the effective assistance of appellate counsel under *Strickland*. That reasoning does not provide a basis for relief under 28 U.S.C. § 2254(d).

Notably, in the filing of his Reply (ECF No. 32), Petitioner attempts to raise additional new claims that he did not previously raise in the Motion to Add the Additional Claim of Ineffective Assistance of Appellate Counsel (ECF No. 20) or present to the state appellate court in Rule 26(B) proceedings. (See ECF No. 30-1, 30-2.) For example, Petitioner argues at length that he was denied the effective assistance of trial counsel, because his attorney failed to investigate or understand the elements of the offense charged, failed to present a defense, stipulated to guilt, wrongfully advised Petitioner to waive his right to a jury trial, refused to permit Petitioner to testify on his own behalf, failed to object, failed to present defense witnesses, failed to appear at sentencing, failed to submit mitigating evidence at sentencing, failed to challenge the constitutionality of O.R.C. § 2907.04(A) as void for vagueness, and failed to establish whether that statute imposed strict liability or required a certain *mens rea*, or intent, to establish guilt. (*Reply*, ECF No. 32, PAGEID # 385-94.) Petitioner also argues that his appellate counsel performed in a constitutionally ineffective manner by failing to raise these same issues on direct appeal. (PAGEID # 392.) These claims are not properly before the Court.

The Court granted Petitioner's request to amend the Petition to include only those same issues of the denial of the effective assistance of appellate counsel that Petitioner had presented to the state appellate court in his application to reopen the appeal under Ohio Rule 26(B). (*See Motion to Add the Additional Claim of Ineffective Assistance of Appellate Counsel*, ECF No. 20.) Thus, the Court will not now address any additional

claims raised by Petitioner through the filing of his *Reply* (ECF No. 32). Instead, the Court will address solely those same claims of ineffective assistance of appellate counsel presented by Petitioner in his motion to amend and in Rule 26(B) proceedings.

Petitioner claims that his attorney failed to separately identify and argue issues involving the insufficiency of the evidence and manifest weight of the evidence in regard to his conviction on unlawful sexual conduct with a minor. (*Reply*, ECF No. 32, PAGEID # 383.) The record, however, does not indicate that appellate counsel raised a claim regarding the manifest weight of the evidence, or any error in this regard. (*Brief of Defendant-Appellant Richard Davidson*, ECF No. 9, PAGEID # 57-58.) Moreover, the state appellate court conducted an independent review of the sufficiency of the evidence as it pertained to Petitioner's conviction for aggravated possession of drugs, despite appellate counsel's failure to include any argument on this issue, concluding that the evidence was constitutionally sufficient to sustain both of Petitioner's convictions. *State v. Davidson*, 2018 WL 2095706, at *3.[2] Petitioner does not indicate, and the record does not reflect, the manner whereby any additional argument would have assisted him. He therefore has failed to establish a claim for ineffective assistance of appellate counsel on this basis.

---

[2] The appellate court found as follows:

> [A]lthough Davidson argues that both of his convictions were not supported by sufficient evidence, he makes no argument in his brief as to the second conviction for aggravated possession of drugs. Nevertheless, following independent review, we conclude that Davidson's conviction for aggravated possession of drugs is also supported by sufficient evidence. The state presented sufficient evidence that Davidson knowingly possessed methamphetamine in violation of R.C. 2925.11. As a result, Davidson's first and second assignments of error are overruled.

*State v. Davidson*, 2018 WL 2095706, at *3.

Petitioner asserts that appellate counsel improperly failed to challenge the application of O.R.C. § 2907.04(A) as unconstitutionally vague or argue that it impermissibly imposed strict liability or unconstitutionally prohibited him from raising the affirmative defense of mistake of age. He complains that appellate counsel failed to argue that he lacked knowledge of the alleged victim's age. He further asserts that his attorney should have argued on direct appeal that the trial court lacked subject matter jurisdiction to hold him criminally liable for the offenses charged. These arguments do not assist him.

Appellate counsel did not fail to raise the issue regarding Petitioner's alleged lack of knowledge of the victim's age. To the contrary, his attorney argued in connection with his claim of insufficiency of the evidence that the State had failed to establish that that Petitioner knew the victim's age or acted recklessly in that regard. Petitioner had met the alleged victim on an "adult only" website that required users to be at least 18 years of age. The victim knew that people utilized the website for sexual encounters. She lied about her age, stating that she was 19 years old. (ECF No. 9, PAGEID # 62-63.) She also falsely told Petitioner that she was 19 years old when he asked. (PAGEID # 63.) Appellate counsel argued that, under these circumstances, Petitioner acted negligently at worst. (PAGEID # 66-68.) The state appellate court rejected this argument. Under these circumstances, Petitioner has not shown that he was denied effective assistance of appellate counsel.

None of the remaining issues referred to which Petitioner refers involve potentially meritorious claims for relief. Petitioner's argument that Ohio's statute on unlawful sexual conduct with a minor is unconstitutionally void would have been reviewed on direct appeal for plain error only, due to his failure to raise the issue at trial. *See State v. Awan*, 22 Ohio St.3d 120 (Ohio 1986) (failure to raise issue of unconstitutionality of a statute at the trial level waives the

issue for appeal). Moreover, the record reflects that such a claim would not have succeeded. To establish that a statute is unconstitutionally void for vagueness, the challenging party must show that "an individual of ordinary intelligence would not understand what he is required to do under the law." *State v. Anderson*, 57 Ohio St.3d 168, 171 (Ohio 1991). Petitioner would have to establish "beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *Id*. (citing *United States v. Harriss* (1954)). It does not appear that Petitioner could meet this standard. At least one Ohio court has rejected the argument that O.R.C. § 2907.04(A) is unconstitutionally void for vagueness. *See State v. Turner*, 156 Ohio App.3d 177 (Ohio Ct. App. 2004). Further, the "Ohio courts have repeatedly recognized that no *mens rea* is necessary for the element of engaging in sexual conduct under R.C. 2907.04(A); it is a strict liability element." *State v. Jackson*, 8th Dist. No. 92531, 2010 WL 2635062, at *5 (Ohio Ct. App. July 1, 2010) (citing *State v. Matthews*, 7th Dist. No. 08–MA–49, 2009–Ohio–3254; *State v. Notestine*, 6th Dist. No. OT–08–038, 2009–Ohio–3220; *State v. McGinnis*, 3d Dist. No. 15–08–07, 2008–Ohio–5825.) "Indeed, 'although R.C. 2907.04 requires the offender to be at least reckless in knowing the victim's age, it does not require the state to prove the offender's mental state for engaging in sexual conduct.'" *Id*. (citing *Notestine* at ¶ 53.) *See also State v. Vansickle*, 12th Dist. No. CA2013-03-005, 2014 WL 1356681, at *4 (Ohio Ct. App. March 31, 2014) ("[T]he offense of unlawful sexual conduct with a minor is not a specific intent crime.") Therefore, the defense of mistake of fact does not apply:

> "Mistake of fact" can only negate a specific intent crime. This court has previously explained that "'recklessness' involves an even lower mental state than 'knowingly' " and "does not involve a specific intent." *State v. Bryant*, 12th Dist. Warren No. CA2007–02–0241, 2008–Ohio–3078, ¶ 13, citing *State v. Davis*, 145 Ohio App.3d 296, 299, 762 N.E.2d 1027 (12th Dist.2001). As reckless conduct was sufficient to prove that [the defendant] acted with the necessary mental state, there was nothing about the reckless conduct that mistake of fact could have negated.

13

*Id*. Thus, Petitioners argument that the statute therefore is void, or that the trial court lacked jurisdiction fails. Finally, the record does not indicate that the trial court failed to comply with state law in imposing sentence, or that any additional argument regarding Petitioner's prior military service or diagnosis of post traumatic stress disorder would have assisted him.

In short, Petitioner has failed to establish the denial of the effective assistance of appellate counsel. This claim lacks merit.

## IV. Recommended Disposition

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*  
Elizabeth A. Preston Deavers  
Chief United States Magistrate Judge