IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD A. DAVIDSON,**

        **Petitioner,**

    v.

**WARDEN, WARREN
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:18-CV-00495
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On April 25, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's sole remaining claim of ineffective assistance of appellate counsel be denied and that this action be dismissed. (ECF No. 33.) Petitioner has filed an Objection and Supplemental Objection to the Magistrate Judge's Report and Recommendation. (ECF Nos. 34, 35.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections (ECF Nos. 34, 35) are **OVERRULED**. The Report and Recommendation (ECF No. 33) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's Motion to Supplement the Record (ECF No. 36) is **DENIED**.[1]

The Court **DECLINES** to issue a certificate of appealability.

Petitioner seeks consideration of the merits of additional claims of the denial of the effective assistance of trial counsel, as well as his claim of the denial of the effective assistance

---

[1] In the Motion to Supplement the Record, Petitioner again raises arguments regarding the Court's prior dismissal of his other claims for relief. This Court already has rejected those arguments, and will not now again do so here. (*See Opinion and Order,* ECF No. 25.)

of appellate counsel. He maintains that the deferential standard of review set forth under the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not apply, because the state appellate court refused to permit further development of his claim of the denial of the effective assistance of appellate counsel. He again argues that the state appellate court contravened or failed to apply *Strickland v. Washington*, 466 U.S. 668 (1984), and that he was denied due process because he lacked criminal intent. Referring to *Lakewood v. All Structures, Inc*. 13 Ohio App. 3d 115 (1983), Petitioner argues that his claim regarding the unconstitutionality of O.R.C. § 2907.04(A) would have been addressed on appeal, despite his failure to raise the issue in the state trial court. He asserts that he was denied the effective assistance of trial counsel due to his attorney's failure to raise the issue. He again argues at length that the statute is unconstitutionally void. He again raises all of the same arguments he previously presented in this regard. Petitioner insists that he did not act recklessly in determining the age of the alleged victim. He maintains that his conviction for unlawful sexual conduct with a minor constitutes a fundamental miscarriage of justice and that the Court therefore should address his claim of the denial of the effective assistance of trial counsel.

Petitioner's arguments are not persuasive. As discussed, "free-standing" claims of actual innocence do not provide a basis for federal habeas corpus relief. *See Legrone v. Birkett,* 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Moreover, the sole issue presently before the Court involves Petitioner's claim of ineffective assistance of appellate counsel. Petitioner cannot now amend the Petition to include yet additional claims. Further, the Ohio Supreme Court has repudiated the holding in *Lakewood*, to which Petitioner refers, that a claim of unconstitutionality of legislation is never waived. *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 171 (Ohio 1988) (citing *State v. Awan*, 22 Ohio St.3d 120 (Ohio

2

1986) (applying the doctrine of waiver to claims regarding the unconstitutionality of a statute). Moreover, and for the reasons discussed in the Magistrate Judge's Report and Recommendation, Petitioner's arguments regarding the unconstitutionality of the statute at issue would not have assisted him. His attorneys' failure to raise such an issue does not survive the *Strickland* test. The state appellate court did not need to permit further development of Petitioner's claim of the denial of the effective assistance of appellate counsel for application of the AEDPA in these proceedings. The state appellate court held that Petitioner acted recklessly in determining the true age of the alleged victim prior to engaging in sexual conduct with her. *See State v. Davidson*, 12th Dist. Nos. CA2017-08-015, CA2017-08-016, 2018 WL 2095706, at *2-3 (Ohio Ct. App. May 7, 2018). This was not an unreasonable determination in light of the evidence presented.

For these reasons and for the reasons set forth in the Magistrate Judge's Report and Recommendation, Petitioner's objections (ECF No. 34, 35) are **OVERRULED**. The Report and Recommendation (ECF No. 33) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's Motion to Supplement the Record (ECF No. 36) is **DENIED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. ——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
**DATED: May 21, 2019**                **UNITED STATES DISTRICT COURT**