# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICHARD A. DAVIDSON,

    Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-00495
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On May 21, 2019, Judgment was entered dismissing this action. (ECF No. 38.) On October 21, 2019, the United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of appealability. (ECF No. 41.) On March 30, 2020, the Sixth Circuit granted Petitioner's motion for rehearing on the denial of Petitioner's motion to compel the State to provide his trial transcripts. (ECF No. 42.) On October 16, 2020, the Sixth Circuit affirmed this Court's Judgment. (ECF No. 43.) On February 5, 2021, the Sixth Circuit denied the petition for rehearing and motion to remand. (ECF No. 44.) Petitioner now has filed a Motion for Relief from Judgment pursuant to Rule 60(b)(1), (6) of the Federal Rules of Civil Procedure, Motion to Amend the Motion for Relief from Judgment, Motion to take Judicial Notice, and Memorandum in Support. (ECF Nos. 45, 47- 49.) For the reasons that follow, the Motion for Relief from Judgment, Motion to Amend the Motion for Relief from Judgment, and Motion to take Judicial Notice (ECF Nos. 45, 47, 48) are **DENIED**.

Petitioner seeks reconsideration of the final Judgment of dismissal of this action based on his mistake or excusable neglect in failing previously to present all of his claims for relief. Petitioner complains that the Ohio courts refused to provide him with a copy of his trial

transcripts until December 17, 2020, after he had exhausted state court remedies and federal habeas corpus proceedings had concluded. He states that, after he reviewed the trial transcripts, he discovered that he had been denied the right to present the affirmative defense of entrapment and should have been acquitted in view of the facts. (ECF No. 45, PAGEID # 533.) Petitioner requests reopening of his habeas corpus petition to permit the assertion of a claim that the state courts unconstitutionally denied him the right to a free copy of his trial transcripts, resulting in a manifest miscarriage of justice. (*Id*., PAGEID # 534.) Petitioner has filed a Motion to Amend the Motion for Reconsideration requesting to additionally include a claim challenging the constitutionality of O.R.C. § 2907.04(A), Ohio's statute criminalizing unlawful sexual conduct with a minor. Petitioner requests judicial notice of his filing of a motion to impose sanctions against the State of Ohio that he filed in connection with his appeal in the United States Court of Appeals for the Sixth Circuit.

Under Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice at any stage of the proceeding of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "[J]udicial notice is available only for 'adjudicative facts,' or the 'facts of the particular case,' as opposed to . . . facts 'which have relevance to legal reasoning' . . . . Thus, judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Wingeart v. Warren*, No. 05-74144, 2011 WL 1085032, at *1 (E.D. Mich. March 23, 2011) (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 350 (6th Cir. 2002)); *see also Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) ("[C]ourts do not take judicial notice of documents, they take judicial notice of facts.") (citations omitted). "[F]ederal courts may take

judicial notice of proceedings in other courts of record" and of judicial decisions. *Scott v. United States*, No. 2:13-CR-223, 2018 WL 1521792, at *2 (S.D. Ohio Mar. 28, 2018) (citing *Wingeart*, 2011 WL 1085032, at *1 (internal citations omitted); *In re Montanari*, No. 12-33189, 2015 WL 603874, at *1 n.3 (E.D. Tenn. Feb. 12, 2015) (taking judicial notice of the undisputed facts and documents of record in the defendants' bankruptcy case). "The purpose of judicial notice is to make a court's acceptance of a well-known or undisputable fact more convenient." *Wingeart*, 2011 WL 1085032, at *1 (citing *United States v. Bari*, 599 F.3d 176, 180 (2nd Cir. 2010)). However, judicial notice does not apply to establish the truth of a factual dispute. *In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 878 (E.D. Tenn. 2005) (citations omitted).

> "[A] court may take notice of the documents and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'" *Platt v. Bd. of Comm'rs on Grievs. & Discipline of Ohio Supreme Court,* 894 F.3d 235, 245 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014)). In other words, a court may take judicial notice of the document's existence but cannot take judicial notice of the document's substance. *Id. See also Davis v. City of Clarksville*, 492 Fed. Appx. 572, 578 (6th Cir. 2012).

*Viola v. Ohio Att'y Gen.*, No. 1:20CV765, 2021 WL 510746, at *6 (N.D. Ohio Feb. 11, 2021). "[T]his Court has repeatedly denied motions styled as requests for judicial notice that sought to introduce additional evidence concerning a disputed issue of fact." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849 (6th Cir. 2020) (citations omitted).

Applied here, Petitioner improperly seeks judicial notice of a motion for sanctions he filed against the State of Ohio in connection with his appeal to establish that the State committed fraud and engaged in intentionally misleading conduct. (ECF No. 48, PAGEID # 544-45.) Further, it does not appear that Petitioner's request for judicial notice is relevant to any of the issues in this habeas corpus petition. Petitioner has failed to provide a copy of the document he

refers to.  Moreover, the Sixth Circuit already has affirmed this Court's denial of Petitioner's motion to compel the State to provide transcripts on the grounds that they would not assist him in establishing his claims and refused to address Petitioner's claim on appeal that the state courts denied him a free copy of his trial transcripts as beyond the scope of the issues certified for appeal.  (*Order,* ECF No. 43, PAGEID # 526.)  Petitioner's Motion to take Judicial Notice (ECF No. 48) therefore is **DENIED**.

Petitioner also has filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b)(1), (6) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> \*\*\*
>
> (6) any other reason that justifies relief.

Rule 60(b)(1) provides relief "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (citing *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).  Public policy favoring finality of judgments and termination of litigation limits application of the rule.  *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)).  "Therefore, 'relief under Rule 60(b) is . . . extraordinary." *Moore v. United States*, No. 14-114-DLB-HAI, 2018 WL 5046065, at \*1 (E.D. Ky. Oct. 17, 2018) (citing *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016).  Moreover, a motion under Rule 60(b)(1) must be made no more than a year after the entry of the judgment. Fed. R. Civ. P.

60(c)(1). "This time limit is jurisdictional, and a district court does not have the power to extend the period of limitation for filing such a motion." *Montague v. Lee*, No. 2:03-CV-113-JRG-MCLC, 2018 WL 505906, at *4 (E.D. Tenn. Jan. 22, 2018) (citing *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008)). Thus, Petitioner's motion under the provision of Rule 60(b)(1) is untimely.

Rule 60(b)(6) applies where "exceptional or extraordinary circumstances" and "principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). It should rarely be used —especially in habeas corpus. *Hand v. Houk*, No. 2:07-cv-846, 2020 WL 1149849, at *3 (S.D. Ohio March 10, 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson v. Merlak*, No. 4:18cv1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019) (citing *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, will not provide a basis for relief under Rule 60(b)(6). *West v. Bell*, No. 3:01-cv-91, 2010 WL 4363402, at *4 (citing *Gonzalez*, 545 U.S. at 535). Public policy favoring finality of judgments likewise limits application of the rule. *Blue Diamond Coal Co. v. Trustees of UMWA Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "[A] party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Moore,* 2018 WL 5046065, at *1 (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Further, a Rule 60(b) motion that attempts to add a new ground for relief or attacks the resolution of a former claim on the merits will be construed as a successive § 2255 motion subject to authorization for filing

5

from the United States Court of Appeals for the Sixth Circuit. *See Schultz v. United States*, 2019 WL 4962588, at *1-2 (S.D. Ohio Oct. 8, 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532, (2005)); 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). "Unless the court of appeals has authorized a second or successive motion, a district court sitting in the Sixth Circuit must transfer the motion to the Sixth Circuit Court of Appeals." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

The record reflects no basis for relief from the final Judgment of dismissal. Petitioner's proposed new claims would have been readily apparent to him at the time of trial. Moreover, this Court has already addressed the issues regarding the constitutionality of O.R.C. § 2907.04(A) and insufficiency of the evidence in the context of Petitioner's claim of ineffective assistance of appellate counsel. (*Report and Recommendation*, ECF No. 33.) Petitioner's appellate counsel raised a claim of insufficiency of the evidence on direct appeal. *State v. Davidson*, 12 Dist. Nos. CA2017-08-015, CA2017-08-016, 2018 WL 2095706, at *1-2 (Ohio Ct. App. May 7, 2018). Nothing prevented Petitioner from earlier raising these claims. To the extent that Petitioner again requests consideration of these claims on the merits or now seeks to pursue a new claim for relief (including his assertion that the state courts unconstitutionally denied him a free copy of his transcripts), he must obtain authorization for the filing of a successive habeas corpus petition from the Sixth Circuit.

Petitioner's Motion for Relief from Judgment, Motion to Amend the Motion for Relief from Judgment, and Motion to take Judicial Notice (ECF Nos. 45, 47, 48) therefore are **DENIED**.

**IT IS SO ORDERED**.

DATED: May 17, 2021

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE