# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICHARD A. DAVIDSON,

    Petitioner,

    v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-00495
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 51); Motion to Set Aside Findings (Doc. 53); and Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 54). For the reasons that follow, Petitioner's motions (Docs. 51, 53, 54) are **DENIED**.

    **I.**    **Motion for Summary Judgment**

Petitioner requests that the Court grant him summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on his claim that the state courts unconstitutionally denied him a free copy of his trial transcripts, grant him relief, and vacate his convictions subject to a new trial.

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

However, on May 21, 2019, the Court issued an Opinion and Order dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and entering final Judgment. (Docs. 37, 38.) The record does not indicate that Petitioner previously raised a claim that the state courts unconstitutionally denied him the right to a copy of his trial transcripts. (*See Petition*, Doc. 1; *Motion to Amend*, Doc. 20.) On October 16, 2020, the Sixth Circuit affirmed this Court's denial of Petitioner's motion to compel the State to provide transcripts on the grounds that they would not assist him in establishing his claims and declined to address Petitioner's claim that he had been denied him a free copy of his trial transcripts as beyond the scope of the issues certified for appeal. (*Order,* ECF No. 43, PAGEID # 526.) Additionally, on May 17, 2021, this Court denied Petitioner's untimely request to amend the petition to add any new claims as successive. (*Opinion and Order*, Doc. 52, PAGEID # 569.) The record thus reflects no basis for summary judgment.

**II.     Motion to Set Aside Findings and Motion to Alter or Amend Judgment**

Petitioner has filed a Motion to Set Aside Findings pursuant to Rule 52 of the Federal Rules of Civil Procedure and Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner requests that the Court amend or set aside its May 17, 2021, Opinion and Order denying Petitioner's motion for relief from judgment on Petitioner's allegation that the state courts unconstitutionally denied him a copy of his trial transcripts as successive. Petitioner again argues that he previously raised this claim or that he intended to raise it by reference to the issue in prior pleadings. He argues that the Court erroneously concluded that he had not previously raised an independent claim of the denial of the right to state court transcripts and again seeks consideration of the issue on its merits.

Rule 52 of the Federal Rules of Civil Procedure provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." Fed. R. Civ. P. 52.

Under Rule 59(e), a motion to alter or amend judgment may be filed within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc.,* No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a

light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id*. (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

As discussed, however, final Judgment has been entered and the Petitioner cannot now amend the § 2254 petition to present this new claim for relief. To do so, he must obtain authorization from the Sixth Circuit for the filing of a successive habeas corpus petition. 28 U.S.C. § 2244(b)(3)(A).

### III. Disposition

Petitioner's Motion for Summary Judgment, Motion to Set Aside Findings, and Motion to Alter or Amend Judgment pursuant to Rule 59(e) (Docs. 51, 53, 54) are **DENIED**.

**IT IS SO ORDERED**.

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 6, 2021**